SUMMARY ORDER

Petitioner Shishi Zhang, a native and citizen of China, seeks review of the October 28, 2008 order of the BIA affirming the May 8, 2007 decision of Immigration Judge (“IJ”) Sandy K. Horn denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Shishi Zhang, No. A 099 649 627 (B.I.A. Oct. 28, 2008), affg No. A 099 649 627 (Immig. Ct. N.Y. City May 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
*309 When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guam v. Gonzales, 482 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162,167 (2d Cir.2008) (“We defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.”). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Here, the IJ properly found that inconsistencies in the record showed that Zhang “lacked credibility with regard to his claim.” See 8 U.S.C. § 1158(b)(1)(B)(iii). First, he found Zhang’s testimony that the government seized his parents’ home and they were in hiding to be inconsistent with his parents’ use of their home address as the return address on documents they mailed to Zhang in the U.S. Second, the IJ found inconsistencies regarding the circumstances of Zhang’s release from jail. Zhang’s asylum application stated that his “parents asked [for] help from relatives to bail [him] out after thirty days’ detention.” Before the IJ, however, Zhang testified that no one paid money for his release. After the IJ asked him about the statement in his application, Zhang changed his testimony and stated that a relative did pay his bail. When asked who the relative was, Zhang responded “[a] friend of my father.”
Zhang contends that: (1) his parents only used the home address “to show that they used to live there and that [the] house was not a fiction,” (2) he misunderstood that “bail” involves a payment, and (3) the person who secured his release from jail may have been both a distant relative and a friend of his father. Although Zhang offers “plausible” explanations for at least some of the inconsistencies, this is insufficient to warrant reversal. Wu Biao Chen v. INS, 344 F.3d 272, 275 (2d Cir.2003). Because he has not plainly shown that no reasonable fact-finder could have based an adverse credibility determination on the inconsistencies, we must defer to the agency’s adverse credibility ruling. See Xiu Xia Lin, 534 F.3d at 167.
The IJ also properly discounted letters Zhang submitted. The IJ characterized these letters as “allegedly” written by Zhang’s father, aunt, and neighbor, indicating he doubted their authenticity. The IJ reasoned that the letters “all seem to labor under the same misconception of what [‘bail’] means.” This unlikely consistency of confusion, coupled with Zhang’s inconsistent testimony about whether he was bailed out of jail, sufficiently supported the IJ’s inference that the letters were not authentic. See Siewe v. Gonzales, 480 F.3d 160, 168 (2d Cir.2007) (“[W]e we will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it.”).
Because Zhang failed to present credible evidence that he was persecuted or has a well-founded fear of persecution in China, his claims for asylum and withholding of removal were properly denied. See Wu Biao Chen, 344 F.3d at 275-76. Because his CAT claim was based on the same *310 evidence, this claim fails as well. See Xue Hong Yang v. DOJ, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).